IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADRIAN EDGAR ALVARADO,

    Plaintiff,

v.                                                                                                 No. 21-cv-0039 KRS/SMV

LQ 1555 LLC,

    Defendant.

### MEMORANDUM OPINION AND ORDER TO AMEND NOTICE OF REMOVAL

THIS MATTER is before the Court on its review of the Notice of Removal [Doc. 1], filed by Defendant LQ 1555 LLC on January 15, 2021. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Defendant to file an amended notice of removal no later than **February 24, 2021**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On January 15, 2021, Defendant filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 2–5. The Notice asserts that there is complete diversity between Plaintiff and Defendant and that the amount in controversy exceeds $75,000. *Id*. In support of its claim of diversity of citizenship, Defendant asserts that Plaintiff is a citizen of New Mexico. *Id.* at 4, ¶ 16. Defendant

further asserts that it is a limited liability company whose members are the Milkovich Family Trust and Alex Milkovich. *Id.* at 3, ¶¶ 13, 15. Defendant also asserts that both trustees of the Milkovich Family Trust are "California residents" and that Alex Milkovich is a "resident" of California. *Id.* at ¶ 15.

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an

2

intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

As Defendant correctly notes, [Doc. 1] at 3, ¶ 14, determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234.

Here, the facts set forth in the Notice of Removal do not sufficiently establish the citizenship of Defendant. First, Defendant asserts that the members of its LLC are "residents" of California and does not mention their "citizenship." *See* [Doc. 1] at 3, ¶ 15. Residency and citizenship are not synonymous, and allegations of residency alone cannot support diversity jurisdiction. *Siloam Springs Hotel*, 781 F.3d at 1238.

Second, it appears to the Court that one member of Defendant LLC is a trust. [Doc. 1] at 3, ¶ 15. With respect to the trust, Defendant has provided residency information for the trustees. *Id.* However, not only is residency not synonymous with citizenship, but the trustees' citizenship does not necessarily control for purposes of diversity jurisdiction. *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1178 (10th Cir. 2015). It is true that when a trustee is party to a suit, i.e., when a trustee has been sued or files suit in his or her own name, it is the trustee's own citizenship that controls for purposes of diversity jurisdiction, as long as the trustee is the "real party to the controversy."[1] *Id.* On the other hand, when the trust is itself party to the litigation, the

---

[1] A trustee is the "real party to the controversy" when the trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Conagra Foods*, 776 F.3d at 1178 (quoting *Navarro Sav. Ass'n v. Lee*,

3

citizenship of the trust is derived from all of the trust's members, including, at a minimum, the trust's beneficiaries.[2] *Id.*; *see also, e.g.*, *Sutter Ranch Corp. v. Cabot Oil & Gas Corp.*, 2016 WL 3945834, at *1 (W.D. Okla. July 19, 2016) (in evaluating diversity jurisdiction, looking to the citizenship of the beneficiaries of a trust where the trust was one of the members of the LLC subsidiary of the defendant).

Thus, Defendant's representation to the Court regarding its citizenship is insufficient, and it must provide the Court with the facts necessary to establish diversity of citizenship. As to the individual member, Defendant must establish that person's place of citizenship; residency is not adequate. As to the trust, Defendant must establish the place of citizenship of each member of the trust, unless it can otherwise show that the trustees' citizenship alone is sufficient to establish diversity jurisdiction. And, if Defendant maintains that it is the citizenship of the trustees that matters for purposes of diversity jurisdiction, it must show, by reference to the trust documents, that the trustees are the "real part[ies] to the controversy."

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and

---

446 U.S. 458, 464 (1980)). The trust at issue in *Navarro*, for example, gave the trustees exclusive authority over trust property. 446 U.S. at 459. The declaration of trust "authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Id.* at 464. The shareholders had no such authority. *Id.* Therefore, the trustees could "sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id.* at 465–66.

[2] Affirming the Tenth Circuit's holding in *Conagra Foods*, the Supreme Court suggested a distinction between a "traditional trust," on the one hand, and other trusts, such as the real estate investment trust at issue in that case. 136 S. Ct. 1012, 1016–17. A "traditional trust" "was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *Id.* at 1016. It was "not a thing that could be haled into court;" therefore, "legal proceedings involving a trust were brought by or against the trustees in their own name." *Id.* "For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Id.* But a trust that is a "'separate legal entity' that itself can sue or be sued" has the citizenship of all its members. *Id.*

citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470–71 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (footnotes omitted). Accordingly, the Court will give Defendant the opportunity to file an amended notice of removal to properly allege the citizenship of each and every member of Defendant LLC, including the *citizenship* of the individual member and the members of the trust who are the "real part[ies] to the controversy."

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **February 24, 2021.**

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **February 24, 2021**, the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**